JUDGE KATHLEEN CARDONE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EMILY SUTTON,** | § | |
| | § | |
| | § | |
| | § | **EP 26 CV 0928** |
| **Plaintiff,** | § | |
| | § | **Case No.:** |
| v. | § | |
| | § | |
| **TRANSFORM CREDIT INC.,** a Delaware | § | |
| Corporation | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**INTRODUCTION**

Plaintiff, Emily Sutton, brings this Complaint against Transform Credit Inc., to stop their illegal practice of placing, through its telemarketers, unsolicited telephone texts or calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC").

**NATURE OF THE ACTION**

1.      Defendant Transform Credit Inc. is a company that engages in loan services to private consumers. As a part of their marketing, Defendant placed thousands of unsolicited text messages to solicit new business.

2.      Defendant did not prior obtain express written consent and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

1

3.    Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4.    The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5.    By placing automated texts messages, Defendant violated the privacy and statutory rights of Plaintiff.

6.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication damages in the amount provided by this section. TBCC § 305.053(a)(2).

7.    Under the TBCC 302.101, a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.

8.    Plaintiff therefore seeks an injunction requiring Defendant to stop its illegal texts, as well as award actual and statutory fines with costs and reasonable attorneys' fees.

**PARTIES**

9.    Plaintiff Emily Sutton (hereinafter "Plaintiff") is an individual residing in or near El Paso County, Texas and was present for all causes of action complained of herein within El Paso, Texas.

2

10.    Defendant Transform Credit Inc. ("Transform Credit" or "Defendant") is a corporation organized and existing under the laws of Delaware and can be served via its registered agent Business Filings Incorporated, 701 Brazos Street, Ste 720, Austin, TX 78701.

## JURISDICTION AND VENUE

11.    This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

12.    This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

13.    This Court has specific personal jurisdiction over the Defendant who, upon information and belief, authorized telemarketers to place calls or texts on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents, purposefully directed texts or calls to Texas area code phone numbers, and have otherwise availed themselves to the State of Texas.

14.    Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

3

15.    Venue is proper in this action because Plaintiff brings charges for violations of Texas Business and Commerce Code Chapter 304 Subsection B. Venue for an action based on a violation of Subsection B or C is in the county in which the telemarketing call was made or received. Texas Business and Commerce Code 304.259(a)(1).

## FACTUAL ALLEGATIONS

16.    Plaintiff personally and successfully registered her phone number ending in -9638 on the National Do-Not-Call Registry on December 12, 2024.

17.    Plaintiff's phone number has been registered on the Texas No Call list since March 1, 2025.

18.    Plaintiff has no prior business relationship with Defendant.

19.    Plaintiff never given written or expressed consent to be contact by Defendant and/or their agents.

20.    On November 1, 2025, at 7:02 AM, Plaintiff got a text from 28126 soliciting a loan for $4,000 that included a link https://tcrdt.com/s/FM50MXCC. The link took Plaintiff to Defendant's website www.transformcredit.com.

21.    On November 2, 2025, at 9:49 AM, Plaintiff received another text from 28126 with the same messages and link. The text messages are displayed below.

4



22.     Defendant did not have Plaintiff's permission to make the alleged text messages.

23.     Plaintiff has reason to believe these text messages were automated because the messages were the same format each time, texts do not address Plaintiff personally and included instructions on how to "optout."

24.     Plaintiff never gave her phone number to Defendant and Defendant had no reason to have Plaintiff's phone number in their system. Random generation explains how Defendant obtained Plaintiff's phone number.

25.     The texts were sent via SMS messaging which requires specialized automated equipment to send text messages.

26.     Plaintiff alerted Defendant of the TCPA and TBCC violating text messages on December 2, 2025, and Defendant confirm Plaintiff wasn't registered in Defendant's system.

5

27.     Defendant's text messages caused Plaintiff aggravation, stress, and caused Plaintiff cell phone battery to run down.

## CAUSES OF ACTION

### COUNT ONE
### Violations of 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(C)- Violation of the TCPA DNC Prohibition

28.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29.     The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

30.     Defendant sent two text messages Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the texts, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

31.     Plaintiff was statutorily damaged at least two times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the unauthorized text messages described above, in the amount of $500 per text.

32.     Plaintiff is entitled to an award of at least $500 in damages for each such violation, 47 U.S.C. § 227(c)(5)(B).

33.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### COUNT TWO

6

**Violations of 47 U.S.C. 227(b)(1)(A)- Non-Emergency Automated Text Messages to Cellular Telephones**

34.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs.

35.    The foregoing acts and omissions of Defendant and/or their affiliates or agent constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing text messages to Plaintiff's cellular telephone numbers without her prior express written consent.

36.    Plaintiff was statutorily damaged at least two times under 47 U.S.C § 227(b)(3)(B) by Defendant by the text messages described above, in the amount of $500.00 per text.

37.    Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA, Plaintiff requests that the court treble the damages amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

38.    Pursuant to 47 U.S.C § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency text messages to cellular telephone numbers without the prior express written consent of the called party.

**COUNT THREE**
**Violations of Texas Business and Commerce Code 305.053- Pursuant to 47 U.S.C § 227(c)**

39.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs.

40.    Defendant sent two text messages Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than

7

thirty-one (31) days prior to the texts, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

41.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

42.    A plaintiff who prevails in an action for damages under this section is entitled to the greater $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

43.    If the court finds that the Defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the Plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

44.    The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

### COUNT FOUR
### Violations of Texas Business and Commerce Code 305.053- Pursuant to 47 U.S.C § 227(b)

45.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs.

46.    Defendant placed automated text messages to Plaintiff's cellular phone in violation of  47 U.S.C. § 227(b)(1)(A).

47.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

48.    A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

49.    If the court finds that the Defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damage under Subsection (b) to not more than the greater of $1,500 for each violation or three times the Plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

50.    The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

**COUNT FIVE**
**Violations of Texas Business and Commerce Code 302.101- Failure to obtain a Telephone Solicitation Registration Certificate**

51.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs.

52.    The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non- registered solicitation texts to Plaintiff's cellular telephone number without her prior express written consent.

9

53.    Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

54.    Plaintiff is entitled to an award of all reasonable costs of prosecuting the action including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Texas Business and Commerce Code 302.302(d).

## COUNT SIX
### Violations of Texas Business and Commerce Code 304.052- Solicitation Calls or Texts Made to Phone Numbers on the Texas No Call List

55.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs.

56.    Plaintiff's phone number has been registered to the Texas No Call List since March 1, 2025.

57.    Defendant placed more than one solicitation phone call or text to Plaintiff within a 12 month period in violation of Texas Business and Commerce Code 304.052.

58.    Plaintiff is entitled to an award of up to $500 in damages for each violation. Texas Business and Commerce Code 304.257(b).

## COUNT SEVEN
### Violations of Texas Business and Commerce Code 301.051- Telephone Solicitation Requirements Violation

59.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs.

60.    Defendant placed a solicitation phone call or text message to Plaintiff before 9 a.m. on a weekday which is in violation of Texas Business and Commerce Code 301.051.

61.    Defendant sent texts to Plaintiff's cellular phone without her prior consent.

62.    A consumer injured by a violation of this chapter may bring action for recovery of damages. The damages awarded may not be less than the amount the consumer paid who sold the consumer goods or service through the use of the telephone solicitor, plus reasonable attorney's fees and court costs under Texas Business and Commerce Code 301.104.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

A.  Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.  A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.  An injunction enjoining Defendant from engaging in the unlawful conduct set forth herein;

D.  An award of $1,500 per text in statutory damages arising from the TCPA 47 U.S.C. 227(c) intentional violations for two text messages;

E.  An award of $1,500 per text in statutory damages arising from the TCPA 47 U.S.C. 227(b) intentional violations for two text messages;

F.  An award of $1,500 per text in statutory damages arising from intentional violations of the Texas Business and Commerce Code 305.053 pursuant to 227(c) for two text messages;

G.  An award of $1,500 per text in statutory damages arising from intentional violations of the Texas Business and Commerce Code 305.053 pursuant to 227(b) for two text messages;

11

H.  An award of $5,000 in statutory damages arising from each violation of Texas Business and Commerce Code 302.101 for two text messages;

I.  An award of $500 in statutory damages arising from each violation of Texas Business and Commerce Code 304.059 for two text messages;

J.  An award of $1,000 in damages arising from each violation of Texas Business and Commerce Code 301.051 for two text messages;

K.  An award to Plaintiff of damages, as allowed by law under the Telephone Consumer Protection Act;

L.  An award to Plaintiff of damages, as allowed by law under the Texas Business and Commerce Code;

M.  Such further relief as the Court deems necessary, just, and proper

Dated: 04/02/2026

Submitted by:

Emily Sutton
Plaintiff, Pro Se
1352 Jesus Chavez Pl.
El Paso, TX 79928
915-474-9638
e.sutton1718@gmail.com

12

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

JUDGE KATHLEEN CARDONE

FILED

EP 26 CV 0928

2026 APR 04

WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## I. (a) PLAINTIFFS
Emily Sutton

**DEFENDANTS**
Transform Credit Inc.

**(b)** County of Residence of First Listed Plaintiff   El Paso County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cook County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintff, 1352 Jesus Chavez Pl, El Paso, TX 79928, 915-474-9638

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☒ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

ES

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☒ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC, section 227 of the Telephone Consumer Protection Act

Brief description of cause:
Violations of the Telephone Consumer Protection Act and Texas Business and Commerce Code

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $43,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   04/02/2026

SIGNATURE OF ATTORNEY OF RECORD   *Emily Sutton*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Generated: Apr 2, 2026 1:06PM

Page 1/1



# U.S. District Court

## Texas Western - El Paso

Receipt Date: Apr 2, 2026 1:06PM

EMILY SUTTON
1352 JESUS CHAVEZ
EL PASO , TX 79928

| | | | | | |
|---|---|---|---|---|---|
| Rcpt. No: 4358 | | Trans. Date: Apr 2, 2026 1:06PM | | Cashier ID: #SR (7092) | |
| **CD** | **Purpose** | **Case/Party/Defendant** | **Qty** | **Price** | **Amt** |
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 405.00 | 405.00 |

| **CD** | **Tender** | | | **Amt** |
|---|---|---|---|---|
| MO | Money Order | #55244604023 | 04/2/2026 | $405.00 |
| | | | Total Due Prior to Payment: | $405.00 |
| | | | Total Tendered: | $405.00 |

**Comments:** CASE NO. 326CV00928 - SUTTON v. TRANSFORM CREDIT

Clerk, U.S. District Court - El Paso Division - 525 Magoffin Avenue, Suite 105, El Paso, TX 79901 - (915) 534-6725 - www.txwd.uscourts.gov